Law Office of Ira R. Abel
305 Broadway
14th Floor
New York, NY 10007
Phone: (212) 799-4672
iraabel@verizon.net
Ira R. Abel, Esq.

*Prospective Attorney for the Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
In re:

    Green Group 11 LLC,

                                  Debtor.

-------------------------------------------------------------------------x

Chapter 11

Case No. 19- 40115-nhl

## AFFIRMATION UNDER BANKRUPTCY RULES 1007 AND 7007-1, LOCAL BANKRUPTCY RULES 1007-4, 1073-2 AND 7007-1,

Michael Kandhorov affirms under penalty of perjury as follows:

1. I am the member of the above-captioned debtor and debtor-in-possession (the "Debtor"). I make this affirmation under Bankruptcy Rules 1007 and 7007.1, and Local Bankruptcy Rules 1007-4, 1073-2 and 1074-1.

2. On January 8, 2019 (the "Petition Date"), the Debtor commenced its voluntary chapter 11 case by filing a "Voluntary Petition for Non-Individuals Filing for Bankruptcy" (ECF Doc. No. 1).

**Information Required Under Bankruptcy Rules 1007 and 7007-1**

3. The Debtor has separately filed a matrix list containing the name and address of each entity included or to be included on Schedules D, E/F, G and H.

4. There are no entities to report under Bankruptcy Rule 7007.1

**Information Required Under Local Bankruptcy Rule 1007-4**

1

5. The Debtor's case qualifies under section 101(51B) of title 11, U.S. Code (the "Bankruptcy Code") as a single asset real estate entity.

6. The Debtor operates a business with a mailing address of 1202 Halsey Street Brooklyn, NY 11207. The Debtor's principal assets are located at 220 Greene Avenue, Brooklyn, New York 11238, Block 1620 Lot 40 (the "Property").

7. The Debtor is required to commence its chapter 11 case because of a pending foreclosure sale of the Property or a pending or judgment sale against the Property and desires to resolve the issues arising from that action and restructure its debts. The Debtor believes that, given sufficient time, it can create value in the Property above the amount of the secured claims. The value of the Property is currently insufficient to provide a full payment to its secured creditors.

8. All members whose consent is required for the filing of the Petition have consented.

9. I am the manager of the Debtor. I have managed the Debtor since its inception. I operate, or supervise the operation of, the Debtor's business.

10. The twenty largest unsecured creditors of the Debtor are listed on a separate filing (ECF Doc. No. 1).

11. The Debtor's largest secured creditors[1] are:

   a. 1712 Ocean Avenue, LLC, c/o Salvatore Strazzullo, 2059 Richmond Avenue, Staten Island, NY 10314;

   b. Charles Zizi, 220 Greene Avenue, Brooklyn, NY 11238.

   c. CountryWide Mortgage, c/o Pollack Cooperman, 5372 Merrick Road, Suite 200, Garden City, NY, 11530;

   d. Sunrise Construction Inc., PO Box 377, East Rockaway, NY 11518;

---

[1] All claim amounts are unknown, as are the secured or unsecured portions of any claim.

    e.   Florida Corporate Funding, 1700 NW 2nd Avenue, Boca Raton, FL 33432;

    f.   CountryWide Home Loans, 93 E. Main St., Bayshore, NY;

    g.   Environmental Control Board, Att'n: Manager, 66 John St, New York, NY 10038;

    h.   NYC Bureau of Highway Operations, 40 Worth St., New York, NY

    i.   Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 and Internal Revenue Service, 135 High Street, Hartford, CT 06103; and

    j.   NYC Environmental, 59-17 Junction Blvd, East Elmhurst, NY 11369.

12.   No equity securities are publicly held.

13.   None of the Debtor's property is known to be in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

14.   The Debtor owns the Premises.

15.   The Debtor's significant assets are the Premises. The Debtor's books and records, and the location from which it operates its business is 1202 Halsey Street Brooklyn, NY 11207.

16.   The estimated weekly payroll to the Debtor's employees, (exclusive of officers, directors, stockholders, partners and members) for the 30-day period following the filing of the chapter 11 petition is $0.00.

17.   The amount paid and proposed to be paid for services for the 30-day period following the filing of the chapter 11 petition is $0.00.

18.   For the 30-day period following the filing of the chapter 11 petition, the Debtor estimates that it will not have any receipts or disbursements.

19.   The Debtor does not have any property outside the territorial limits of the United States.

**Information Required Under Local Bankruptcy Rule 1073-2 (E.D.N.Y. LBR 1073-2 Statement)**

20.     To the best of my knowledge, information, and belief, no Related Cases (as defined in Local Bankruptcy Rule 1073-2) are pending or have been pending at any time.

                                                  /s/ Michael Kandhorov
                                                   Michael Kandhorov

Affirmed before me this
8th day of January, 2019

    /s/ Henry Martin Graham
Notary Public State of New York
Henry Martin Graham
No. 02GR66249342
Commission Expires November 18, 2019